| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:17-CR-204 (1) |
| | § | |
| JESUS ANTONIO CARRERA | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Jesus Antonio Carrera's ("Carrera") *pro se* letter motion (#103), wherein Carrera requests that the court transfer him to home confinement due to the threat of Coronavirus Disease 2019 ("COVID-19") within the federal prison system. The Government has filed a response in opposition (#106). United States Probation and Pretrial Services ("Probation") conducted an investigation and recommends that the court deny the motion. Having considered the motion, the Government's response, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be DENIED.

I.   Background

On December 13, 2017, a federal grand jury in the Eastern District of Texas returned a single-count Indictment charging Carrera with Conspiracy to Possess with the Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 846.

In January 2018, while on pretrial release, Carrera was arrested and charged in the Southern District of Florida, in Case No. 1:18-CR-20084, with (1) Conspiracy to Transmit Interstate Threat to Injure, in violation of 18 U.S.C. § 371, (2) Interstate Communication with Threat to Injure, in violation of 18 U.S.C. § 875(b), and (3) Interstate Travel in Aid of Interstate Threat to Injure, in violation 18 U.S.C. § 1952(a)(3). Pursuant to a non-binding plea agreement, Carrera pleaded guilty to Count 2, Interstate Communication with Threat to Injure, and was

sentenced to 33 months' imprisonment, followed by a 3-year term of supervised release. Carrera appeared in the United States District Court for the Southern District of Florida in July 2018, after which he was transferred back to the Eastern District of Texas. Following Carrera's arrest in Florida, his pretrial release was revoked and he was ordered detained pending trial in this matter.

On September 25, 2018, Carrera pleaded guilty to Count 1 of the Indictment pursuant to a written, non-binding plea agreement. On February 1, 2019, the court sentenced Carrera to 97 months' imprisonment, followed by a 5-year term of supervised release. Carrera has served 19 months of his 97-month sentence and is currently housed at Federal Correctional Institution Butner Low ("FCI Butner Low"). Carrera's projected release date is March 30, 2027.

II.     Analysis

The Bureau of Prisons ("BOP") has the sole authority for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court. *See* 18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973). Although a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility, a determination of if and when a prisoner should be allowed to serve the remainder of his sentence on home confinement is left to the discretion, experience, and expertise of the BOP. *See* 18 U.S.C. § 3624(c); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[A] court may recommend that a sentence imposed under section 3621 be served in a particular prison or jail, but . . . only the [BOP] has the actual authority to designate the place of incarceration."); *Ambriz v. United States*, No. 4:20-CV-568-P, 2020 WL 3066861, at *2 (N.D.

Tex. June 5, 2020) (holding that the court has no authority to compel the BOP to release a prisoner to home confinement); *United States v. Carden*, No. CR JKB-15-0016, 2020 WL 1873951, at *2 (D. Md. Apr. 15, 2020) (holding that the court does not have authority to order the defendant released to home detention); *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) ("[I]t is BOP—not the courts—who decides whether home detention is appropriate."). Although Carrera points to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, enacted on March 27, 2020, the CARES Act does not grant the courts statutory authority to modify a defendant's place of incarceration. *See* CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020); *Ambriz*, 2020 WL 3066861, at *2. "[T]he CARES Act . . . instruct[s] and expand[s] the authority of the director of the BOP, not courts, to release 'the most vu[l]nerable inmates at the most affected facilities.'" *Ambriz*, 2020 WL 3066861, at *2 (quoting *United States v. Stiger*, No. 3:12-CR-054-L, Doc. 1129 at 3-4 (N.D. Tex. Apr. 13, 2020)). Thus, Carrera's request for home confinement is properly directed to the BOP. 18 U.S.C. § 3624(c)(2); *United States v. Sneed*, 63 F.3d 381, 389 (5th Cir. 1995); *Ambriz*, 2020 WL 3066861, at *2.

In response to a directive from the United States Attorney General in March 2020, the BOP immediately began reviewing all inmates who have COVID-19 risk factors, as described by the Centers for Disease Control and Prevention, for the purpose of determining which inmates are suitable for placement on home confinement. *See United States v. Collins*, No. 04-50170-04, 2020 WL 1929844, at *3 (W.D. La. Apr. 20, 2020). The BOP notes that inmates need not apply to be considered for home confinement, as this is being done automatically by case management staff. To date, the BOP has placed 7,662 inmates on home confinement. The March 2020 directive is

3

limited to "eligible at-risk inmates who are non-violent and pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities." *United States v. Castillo*, No. CR 2:13-852-1, 2020 WL 3000799, at *3 (S.D. Tex. June 2, 2020). The BOP has the exclusive authority to determine where a prisoner is housed; thus, the court is without authority to order home confinement. 18 U.S.C. § 3621(b); *Ambriz*, 2020 WL 3066861, at *2; *United States v. Miller*, No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) ("[N]either the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement.").

III.    Conclusion

Accordingly, Carrera's *pro se* letter motion seeking home confinement (#103) is DENIED.

SIGNED at Beaumont, Texas, this 16th day of September, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE